CHARLES EDWARD THOMAS, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 5906

October 1, 1969            459 P.2d 219

*Raymond E. Sutton,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *George H. Spizzirri,* Deputy District Attorney, Clark County, for Respondent.

# OPINION

By the Court, BATJER, J.:

On August 29, 1968, the appellant, accompanied by Raymond Lee Williams, entered a Thriftimart store in Las Vegas. Williams went to the cashier's cage and attempted to cash a check from the Zion Methodist Church. The appellant said nothing but walked to the other side of the store and stood around. The cashier had been alerted that checks from this particular church had been stolen, so she called the police. When the officers arrived they were advised that Williams, accompanied by the appellant, and others, were attempting to cash a forged check. The appellant and Williams were immediately arrested for forgery. Appellant was then taken to the rear of the store where he was searched. In his front pocket was found a yellow manila folder which contained a leafy substance which appeared to be marijuana. At that point the appellant was arrested for possession of narcotics.

At his preliminary examination on the charge of possession of narcotics, the appellant objected to the introduction of the marijuana as evidence on the ground that its initial seizure was invalid, because his arrest for forgery was illegal. The objection was overruled and the appellant was bound over to district court for trial.

On March 14, 1969, the appellant filed, in the district court, an application for a writ of habeas corpus upon the grounds that there was no probable cause for his arrest for forgery and for that reason the subsequent search of his person and the seizure of the marijuana was unlawful. This appeal is

taken from the denial of habeas corpus. Only one issue is presented: Was the arrest made without probable cause, thereby rendering the marijuana found as a result of the arrest inadmissible in evidence?

There is nothing in the record of this case to indicate that the arresting officer had any reason to suspect the appellant of being in possession of marijuana, and used the forgery arrest as a means of fraud or force to obtain evidence of his possession of narcotics.

We find that the appellant's arrest for forgery was made with probable cause and that the marijuana was properly admitted into evidence at the preliminary examination.

A peace officer may make an arrest without a warrant on a charge made, upon a reasonable cause of the commission of a felony by the party arrested. NRS 171.124.

Not only is an arrest made by an officer without a warrant in accordance with NRS 171.124 lawful (Peters v. New York, 392 U.S. 40, 66 [No. 74] (1967)), but a search made incident to such an arrest without a warrant, after arrest and in close proximity to the arrest is reasonable, and articles seized as a result of such a search are not to be excluded from evidence as being obtained upon unreasonable search and seizure, Chimel v. California, 395 U.S. 752 (1969); Peters v. U.S. supra; Wyatt v. State, 77 Nev. 490, 367 P.2d 104 (1961); Whitley v. State, 79 Nev. 406 at 412, 386 P.2d 93 (1964); Foy v. State, 84 Nev. 76, 436 P.2d 811 (1968). The right to search and seizure without a warrant extends to items under an accused's immediate control at the time of his arrest. Arabia v. State, 82 Nev. 453, 421 P.2d 952 (1966).

In Fairman v. Warden, Nevada State Prison, 83 Nev. 332, 431 P.2d 660 (1967), this court said: "Probable cause [to make an arrest without a warrant] exists if facts and circumstances known to the officers at the moment of the arrest would warrant a prudent man in believing that felony had been committed by person arrested."

Here the police officer received information that Williams was attempting to cash a forged check and that the appellant was with him. On cross-examination the arresting officer testified that he considered the appellant a principal in the commission of the offense. When he made the arrest, the officer

had reasonable cause to believe that the appellant was concerned with the commission of a felony and was a principal within the provisions of NRS 195.020.[1]

In discharging his duty the officer could accord to the information he received whatever reasonable credit he deemed it warranted. We find that there was sufficient evidence to make it appear that a felony had been committed and that there was reasonable cause for the arresting officer to believe that the appellant had committed it.

In State v. Johnson, 393 P.2d 284 (Wash. 1964), one Horles Sielas attempted to cash a check at a supermarket. The check was tendered to a checker who refused to cash it when he noticed that the names of the maker and the endorser were in the same handwriting. The manager saw Sielas leave the store and meet the appellant, in that case, James Johnson, who had been leaning against the bulkhead outside the store. Sielas and Johnson had been seen entering the parking lot together, came to the front of the store together, and left together. The court held that the officer who investigated the incident had probable cause to believe that a felony had been committed and reasonable cause to believe that both Sielas and the appellant were felons.

The order of the district court denying the appellant's petition for a writ of habeas corpus is affirmed and the matter is remanded for further proceedings.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.

---

[1]NRS 195.020. "Every person concerned in the commission of a felony, gross misdemeanor or misdemeanor, whether he directly commits the act constituting the offense, or aids or abets in its commission, and whether present or absent; and every person who, directly or indirectly, counsels, encourages, hires, commands, induces or otherwise procures another to commit a felony, gross misdemeanor or misdemeanor is a principal, and shall be proceeded against and punished as such. The fact that the person aided, abetted, counseled, encouraged, hired, commanded, induced or procured, could not or did not entertain a criminal intent shall not be a defense to any person aiding, abetting, counseling, encouraging, hiring, commanding, inducing or procuring him."