KENNETH JAMES CARSTAIRS, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 9670

March 15, 1978, as amended May 10, 1978        575 P.2d 927

*William N. Dunseath,* Public Defender, and *Michael B. McDonald,* Deputy Public Defender, Washoe County, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *John L. Conner,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*[1]

On October 26, 1976, Washoe County Sheriff's Deputy Meek and Probation Officers Nollsch and Bernstone went to a residence in Reno, Nevada, in search of Stanley Chavez. Meek sought Chavez for questioning as a suspect in a felony battery case, and Nollsch and Bernstone sought to arrest Chavez on a bench warrant for probation violation.

While Meek and Nollsch maintained surveillance in an alley near the residence, they observed a truck with two occupants approaching them and tentatively identified Chavez as the driver. The truck suddenly turned dowwn a side street and the officers temporarily lost sight of it. They immediately gave chase and when they located the truck one to two minutes later, it was parked by the side of the road and appellant was the only occupant. The officers advised appellant of their desire to locate and arrest Chavez on criminal charges, but appellant denied having any knowledge as to Chavez's whereabouts and, further, repeatedly denied that anyone else had been in the vehicle with him.

---

[1] The Governor designated Hon. Merlyn H. Hoyt, Judge of the Seventh Judicial District, to sit in place of HON. GORDON THOMPSON, Justice, who voluntarily disqualified himself in this case. Nev. Const. art. 6, § 4.

Deputy Meek left the scene to summon assistance in searching for Chavez. During Meek's absence, Nollsch placed appellant under arrest for harboring a fugitive, a violation of NRS 195.030. Meek subsequently returned to the area of the original stop and observed appellant in handcuffs. Although he was never advised that appellant was under arrest, Meek decided to search appellant for weapons before transporting him to the sheriff's office for additional interrogation. In the course of his search, Meek reached inside the front pocket of a down-filled vest, a location where Meek believed a weapon could be hidden, and found three (3) marijuana cigarettes. Appellant was taken to the Washoe County Jail and charged with possession of a controlled substance, a violation of NRS 453.336. He was subsequently ordered to stand trial for (1) possession of marijuana and (2) harboring a fugitive.

A pretrial motion to suppress contended the marijuana was the product of an illegal search. The district court denied the motion "based on the knowledge of all of the officers and the circumstances existing at the time."

A jury acquitted appellant on the harboring charge, but found him guilty of possession of a controlled substance. In asking us to reverse, appellant contends the district court erred in refusing to suppress the marijuana. The thrust of appellant's contention is that there was no probable cause for Nollsch to make the arrest; thus, any evidence seized as a result of the search incident to that arrest was inadmissible. We reject the contention.

Appellant's arrest was based on probable cause. Nollsch testified he had tentatively identified Chavez as the driver of the truck and that there was another person in the truck with Chavez. When the officers located the truck one to two minutes later, appellant was the only occupant. When questioned by the officers, appellant repeatedly denied that Chavez or anyone else had been with him, and was otherwise evasive in his answers to the officers' questions. These facts and circumstances were sufficient to warrant a reasonable belief that appellant was assisting Chavez in evading authorities and, therefore, Nollsch had probable cause to make the arrest for harboring a fugitive. NRS 171.124. *See* Brinegar v. United States, 338 U.S. 160 (1949); Marschall v. City of Carson, 86 Nev. 107, 464 P.2d 494 (1970); Thomas v. Sheriff, 85 Nev. 551, 459 P.2d 219 (1969); Fairman v. Warden, 83 Nev. 332, 431 P.2d 660 (1967). The subsequent search by Meek was incident to that arrest and, therefore, was reasonable. A Minor v. State, 91 Nev. 456, 537 P.2d 477 (1975); Thomas v. Sheriff, cited above. *See* United States v. Robinson, 414 U.S. 218, 235 (1973), where Mr. Justice Rehnquist wrote:

A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that instrusion being lawful, a search incident to the arrest requires no additional justification. It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment.

*See also* Gustafson v. Florida, 414 U.S. 260 (1973). Since the search was reasonable, the contraband was admissible. *See* Lightford v. State, 90 Nev. 136, 520 P.2d 955 (1974).
Affirmed.