A 1983 VOLKSWAGEN, ID NO. IVWCO179DV63656, LICENSE NO. 2AAB574 (CA), ITS TOOLS AND APPURTENANCES, APPELLANT, v. THE COUNTY OF WASHOE, STATE OF NEVADA, EX REL. WASHOE COUNTY SHERIFF'S DEPARTMENT CONSOLIDATED NARCOTICS UNIT, RESPONDENT.

No. 15729

May 8, 1985                                    699 P.2d 108

---

*Jack Alian* and *Robert Bruce Lindsay,* Reno, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Richard A. Gammick,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from the district court's order authorizing forfeiture of a vehicle used in violation of the Uniform Controlled

Substances Act. Appellant argues, and we agree, that the state must prove its case beyond a reasonable doubt before an order of forfeiture may issue. In applying the exclusionary rule to forfeiture proceedings we have implicitly recognized the quasi-criminal nature of forfeiture actions. *See* One 1958 Plymouth Sedan v. Pennsylvania, 380 U.S. 693 (1965) (exclusionary rule applies to forfeiture proceedings because of quasi-criminal nature of action) *cited with approval in* One 1970 Chevrolet v. County of Nye, 90 Nev. 31, 518 P.2d 38 (1974). Proof beyond a reasonable doubt is therefore appropriate in order that the innocent not be permanently deprived of their property. *Accord* State v. Manuel, 426 So.2d 140 (La. 1983).

Although we agree with appellant that the district court erred in employing the preponderance of the evidence standard of proof, we conclude that there was sufficient evidence to prove beyond a reasonable doubt that appellant, a 1983 Volkswagen, was used to transport cocaine for the purpose of sale. Therefore, we decline to disturb the judgment of the district court.

Mark Stephens, the owner of the Volkswagen, and Henry Renovato sold cocaine to undercover officer Partyka at the Pioneer Inn in Reno. Renovato testified that he had seen the cocaine in a blue bag in the Volkswagen the night before the sale. He also testified that he saw the bag in the Volkswagen when he and Stephens drove to the Pioneer the next day to effectuate the sale. Stephens and Renovato left the blue bag in the Volkswagen and met Rich and Vito inside the Pioneer. Unbeknownst to Stephens and Renovato, Vito was actually undercover officer Partyka. Stephens left the group twice and each time returned with cocaine. Before one trip, he stated he was going to the car. After Stephens returned the second time, he and Renovato sold the cocaine to Partyka.

Stephens was arrested that night and charged with possession and sale of cocaine in violation of the Uniform Controlled Substances Act. The next day, almost twenty-one hours later, Partyka went to the parking lot of the Pioneer and seized Stephens' Volkswagen without a warrant.

To effect a forfeiture under NRS 453.301[1] the state must prove

---

[1]453.301 Property subject to forfeiture.
The following are subject to forfeiture:
    1. All controlled substances which have been manufactured, distributed, dispensed or acquired in violation of the provisions of NRS 453.011 to 453.551, inclusive.
    . . .
    5. All conveyances, including aircraft, vehicles or vessels, which

(1) a violation of, not conviction under, the Uniform Controlled Substances Act, NRS 453.011 to 453.551 inclusive, and (2) that the vehicle was used to facilitate that violation. There was sufficient evidence to prove both elements beyond a reasonable doubt. The sale of cocaine to Partyka was a violation of the Act, thus satisfying the first element. Renovato's testimony provided the basis for an inference that the Volkswagen was used to transport the cocaine to the Pioneer. Thus the second element, that the vehicle was used to facilitate the sale, was also satisfied.[2] Because a rational trier of fact could have found the essential elements beyond a reasonable doubt, we refuse to disturb the judgment of the district court. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Koza v. State, 100 Nev. 245, 250, 681 P.2d 44 (1984).

Appellant's remaining contention that the warrantless seizure of the Volkswagen was not supported by probable cause as required by NRS 453.306(2)(d) is without merit. Warrantless seizures of property subject to forfeiture are authorized by NRS 453.306(2)(d) where:

> The division or other law enforcement agency has probable cause to believe that the property was used or is intended to be used in violation of the provisions of NRS 453.011 to 453.551, inclusive.

In determining that an officer had probable cause to arrest a suspect for harboring a fugitive, we equated probable cause with a reasonable belief that the suspect had assisted the fugitive in evading authorities. Carstairs v. State, 94 Nev. 125, 575 P.2d 927 (1978). Therefore, we read NRS 453.306(2)(d) in conjunction with NRS 453.301 to require Partyka to have had a reasonable belief that the Volkswagen was used to facilitate the sale of cocaine.

Although no direct evidence linked the cocaine sold to Partyka to the cocaine Renovato saw in the blue bag in the car the night before, there was sufficient circumstantial evidence known to Partyka to support a reasonable belief that the car had been used

---

are used, or intended for use, to transport, or in any manner to facilitate the transportation, concealment, manufacture or protection, for the purpose of sale, possession for sale or receipt of property described in subsections 1 . . .

[2]Appellant argues that the evidence was insufficient to support the district court's finding that the Volkswagen had been used to transport the cocaine from California to Reno. If this finding was error, it was harmless. As discussed above, there was sufficient evidence to support a finding that the Volkswagen was used to transport cocaine for purpose of sale.

to transport the cocaine. Stephens left the group twice and each time returned with cocaine. Before one of these trips, he stated he was going to the car. Partyka also knew that appellant had a car and that the car was parked at the Pioneer Inn where the sale had taken place. We therefore conclude that the warrantless seizure of the Volkswagen was supported by probable cause as required by NRS 453.306(2)(d).[3]

Accordingly, we affirm the district court's forfeiture order.

---

[3]We note in passing that illegal seizure does not necessarily preclude forfeiture of the property seized. *See* O'Reilly v. United States, 486 F.2d 208 (8th Cir. 1973) (warrantless seizure of vehicle used three months earlier to transport controlled substances legal where seizure authorized by forfeiture statute and failure to obtain warrant not part of deliberate, purposeful and oppressive design for delay) *cert. denied,* 414 U.S. 1043 (1973). *But see* United States v. McCormick, 502 F.2d 281 (9th Cir. 1974) (holding warrantless seizure of vehicle upon probable cause as authorized by forfeiture statute illegal because exceptions to the warrant requirement do not apply).