LLOYD GARY WEINTRAUB, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 24504

March 30, 1994                                        871 P.2d 339

*Joseph I. Cronin,* Minden, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Scott W. Doyle,* District Attorney, *Kristine L. Brown,* Deputy District Attorney, Douglas County, for Respondent.

---

## OPINION

*Per Curiam:*

Appellant Lloyd Gary Weintraub was arrested by Douglas County Sheriff's Deputy Michael Nicholas for driving under the influence. Deputy Nicholas testified that he instructed a fellow officer, Deputy Kumagai, to impound Weintraub's vehicle. Deputy Kumagai then searched the trunk of the vehicle and found a plastic bag containing marijuana, inside a See's candy bag, which was inside a cardboard box. Deputy Kumagai testified that he stopped searching as soon as he found the marijuana. Deputy Kumagai subsequently impounded the vehicle and filled out an impound report.

Weintraub was charged with one count of possession of a controlled substance. He then filed a pre-trial motion to suppress the marijuana, asserting that it was seized in violation of his Fourth Amendment rights. The State responded that the marijuana was found during a routine inventory search, and that therefore the Fourth Amendment's warrant requirements did not apply. The district court denied Weintraub's pretrial motion to suppress the marijuana, and Weintraub entered a conditional plea of guilty which preserved his right to appeal the district court's decision to allow the marijuana into evidence. On appeal Weintraub argues that Deputy Kumagai's search does not fall within the inventory search exception to the Fourth Amendment's warrant requirement.

It is well-established that police officers need not comply with the Fourth Amendment's probable cause and warrant requirements when they are conducting an inventory search of an automobile in order to further some legitimate caretaking function. *See, e.g.,* South Dakota v. Opperman, 428 U.S. 364 (1976). The inventory search must be carried out pursuant to standardized official department procedures and must be administered in good faith in order to pass constitutional muster. Colorado v. Bertine, 479 U.S. 367, 374 (1987).

The Douglas County Sheriff's Office has such an official department policy regarding inventory searches; Weintraub argues, however, that the Douglas County Sheriff's Office may not take refuge behind its policy regarding inventory searches in this case because Deputy Kumagai's inventory search was merely "a ruse" for conducting an otherwise impermissible search.

This court has held that a police officer must produce an actual inventory when she or he conducts an inventory search. State v. Greenwald, 109 Nev. 808, 858 P.2d 36 (1993) (following Florida v. Wells, 495 U.S. 1, 4 (1990) (holding that a "policy or practice governing inventory searches should be designed to produce an inventory")). "Without an inventory," opined the Greenwald court, "we can have no inventory search." 109 Nev. at 811, 858 P.2d at 38 (citation omitted).

The "inventory" prepared by Deputy Kumagai the night of Weintraub's arrest lists some eight items: a "yellow flashlight," a "red flashlight," "six silver gas cans," a "dipper," a "black rag," "numerous clothing," "misc[ellaneous] tools," a "black briefcase" and "misc[ellaneous] papers." Weintraub's vehicle contained approximately one hundred items including valuable items that one would expect to appear on any reasonable inventory list, such as Weintraub's wallet which contained money and identification, an additional $150.00 in cash found in the center console, and an adding machine. In fact, even the district court found that "the purposes of an inventory"—protecting the car owner's property, protecting the police against charges of theft, and protecting the police from possible danger—were not met by the instant search.

We conclude that because the inventory produced by the officer cannot be fairly and accurately described as a true inventory of the personal property in the vehicle, the instant search does not qualify as a valid inventory search. The district court therefore erred in admitting the marijuana seized from Weintraub's vehicle. The judgment of conviction is reversed.