# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTHONY DEWANE BAILEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 67108

**FILED**

SEP 30 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of sexual assault, two counts of possession or sale of a document or personal identifying information to establish false status or identity, and coercion. Eighth Judicial District Court, Clark County; J. Charles Thompson, Senior Judge.

Appellant first contends that the district court erred in denying his motion to suppress two false identifications found in his wallet because they were the subject of an unlawful search and seizure. Because a motion to suppress evidence obtained through a search and seizure presents mixed questions of law and fact, we will review the district court's findings of fact for clear error but review the legal consequences of those facts de novo. *State v. Beckman*, 129 Nev., Adv. Op. 51, 305 P.3d 912, 916 (2013). Appellant correctly argues that the wallet was not subject to an inventory search because it was not on his person when he was placed in custody, and the record does not clearly demonstrate that appellant asked for the wallet after he was in custody. *See Weintraub v. State*, 110 Nev. 287, 288, 871 P.2d 339, 340 (1994) (explaining that evidence discovered through an inventory search is admissible despite the fact the evidence is obtained without a warrant); *see also State v. Second Judicial Dist. Court*, 120 Nev. 254, 257, 89 P.3d 663, 665 (2004) (recognizing that an inventory search can be conducted on a defendant's

16-30572

person). But, because the sexual assault victim consented to the search of her home, regardless of whether appellant resided with the victim, the search and seizure of the wallet, which was inside of the home, was lawful. *See Fernandez v. California*, 571 U.S. ___, ___, 134 S. Ct. 1126, 1133-34 (2014) (explaining that a sole occupant may consent to a search and that police may search a jointly occupied premise if one of the occupants consents to the search, even if the objecting occupant's absence is due to a lawful arrest by police). Additionally, even if the victim was acting as a government agent when she complied with law enforcement's request for appellant's identifying information by handing appellant's wallet to an officer, *see generally United States v. Reed*, 15 F.3d 928, 931 (9th Cir. 1994) (a private individual can be considered as the police's agent when the government knew of and acquiesced in the intrusive conduct and the party performing the search intended to assist law enforcement efforts instead of furthering his own ends), because the police already had the victim's consent to search the home where the wallet was located, her state action was part of a lawful search and seizure, *Fernandez*, 571 U.S. at ___, 134 S. Ct. at 1133-34. Therefore, the district court did not err in denying appellant's motion to suppress the false identifications.

Second, appellant argues that the district court erred in allowing him to represent himself, but he failed to include the transcript of the *Farretta v. California*, 422 U.S. 806 (1975), canvass or any order granting his motion to represent himself in the record. Appellant has the burden to make an adequate appellate record, *Green v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980), and we conclude that appellant has failed to demonstrate that he did not knowingly and voluntarily waive his right to counsel, *see Tanksley v. State*, 113 Nev. 997, 1000-01, 946 P.2d 148, 150 (1997) (explaining that a waiver of counsel is appropriate when the

defendant knowingly and voluntarily waives his right to counsel); *see also Graves v. State*, 112 Nev. 118, 124, 912 P.2d 234, 238 (1996) (providing that in determining whether a defendant should have been allowed to represent himself, deference is given to the district court's decision).

Third, the district court did not abuse its discretion by admitting bad act evidence. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) (providing that this court reviews a district court's decision to admit or exclude evidence for an abuse of discretion). Appellant failed to object to the majority of the victim's statements he now alleges are bad act evidence and fails to meet his burden of demonstrating that the admission of those statements caused actual prejudice or a miscarriage of justice. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) (explaining that the appellant has the burden of demonstrating that his or her substantial rights were affected by plain error by showing actual prejudice or a miscarriage of justice). Regarding the statement where the victim said appellant had hit her in the head with a weight when they first began dating, to which appellant objected as bad act evidence, and the statement where the victim said appellant had threatened to kill her brother, to which appellant objected without stating a rationale for his objection, the district court did not abuse its discretion in admitting these statements because they addressed an element of the crime of sexual assault by establishing that Washington did not consent to the sexual act but instead submitted to it as a result of her fear of Bailey.[1]

---

[1]Appellant also objected to another statement regarding the victim's brother asking him why he would choose to mess with the victim after getting out of prison that he now alleges was bad act evidence, but because he objected to that statement as hearsay he cannot now challenge it as bad act evidence. *See Ford v. Warden, Nev. Women's Corr. Ctr.*, 111 Nev. 872,

*continued on next page...*

Supreme Court
OF
Nevada

(O) 1947A

*See Dinkens v. State*, 92 Nev. 74, 77, 546 P.2d 228, 230 (1976) (explaining that a victim has not consented to a sexual act when he or she has submitted to the act through fear of death or serious bodily injury); *see also State v. Daniels*, 659 S.E.2d 22, 27 (N.C. Ct. App. 2008) (explaining that evidence of prior incidents of domestic violence are admissible to demonstrate the victim's fear and lack of consent). Further, the district court's failure to hold a *Petrocelli* hearing or give a limiting instruction, *see Tavares v. State*, 117 Nev. 725, 30 P.3d 1128 (2001), is not reversible error because such an error did not substantially affect the jury's verdict. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) (providing that error that is not of a constitutional dimension will only be reversed if the error substantially affected the jury's verdict); *Mclellan*, 124 Nev. at 269, 182 P.3d at 111.

Fourth, appellant was not improperly precluded from impeaching witnesses. First, because the State did not present any DNA evidence, appellant did not have a right under the Confrontation Clause to present evidence to impeach the forensic scientist he called as a witness. Additionally, the evidence of an irregular DNA report and subsequent corrective action report would only have served to confuse the jury, as the second DNA report came to the same conclusion as the irregular report, and thus, the district court did not abuse its discretion in precluding such evidence. *See* NRS 48.035(1) (excluding relevant evidence where its probative value is substantially outweighed by the danger of confusing the issues or misleading the jury). Second, the State did not have a duty to

---

*...continued*
884, 901 P.2d 123, 130 (1995) (explaining that a defendant "cannot change her theory underlying an assignment of error on appeal").

disclose the victim's toxicology report because it was not in the State's possession and appellant's own lack of diligence prevented him from presenting a copy of that report as he failed to obtain it from the hospital. *See United States v. Monroe*, 943 F.2d 1007, 1011 n.2 (9th Cir. 1991) ("While the prosecution must disclose any [*Brady*] information within the possession or control of law enforcement personnel, it has no duty to volunteer information that it does not possess." (internal quotations omitted)); *see also United States v. Brown*, 628 F.2d 471, 473 (5th Cir. 1980) ("[W]hen information is fully available to a defendant at the time of trial and his only reason for not obtaining and presenting the evidence to the Court is his lack of reasonable diligence, the defendant has no *Brady* claim."). Regardless, evidence of the toxicology report would have been repetitive because the victim had already testified that she used PCP the night of the sexual assault. *See Leonard v. State*, 117 Nev. 53, 72, 17 P.3d 397, 409 (2001) ("trial judges retain wide latitude to restrict cross-examination . . . or interrogation that is repetitive or only marginally relevant" (internal quotation omitted)).

Lastly, while the district court allowed the State to improperly impeach appellant's defense witness Rodney Thomas, such error was harmless and does not warrant reversal because the evidence was tangential to the underlying criminal charges and would not have inflamed the passions of the jury against appellant because it dealt with Thomas's conduct, not appellant's conduct. NRS 178.598; *Tavares*, 117 Nev. at 732, 30 P.3d at 1132 (explaining that an error is harmless when there is no substantial and injurious effect or it did not influence the jury's verdict). Because this was the district court's only error and it was

harmless, there is no cumulative error warranting reversal of appellant's convictions.[2] Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Pickering

cc:   Chief Judge, The Eighth Judicial District Court
      Hon. J. Charles Thompson, Senior Judge
      Christopher R. Oram
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]While appellant argues that the district court gave an improper reasonable doubt jury instruction, the district court gave a verbatim instruction to the one required in NRS 175.211 and also instructed the jury regarding the presumption of innocence and the State's burden of proof. *See Middleton v. State*, 114 Nev. 1089, 1111-12, 968 P.2d 296, 311 (1998) (explaining that the statutory definition of reasonable doubt is constitutional as long as the jury is also instructed regarding the presumption of innocence and the State's burden of proof).

Further, although appellant contends that his sentence for sexual assault without a deadly weapon is based on a non-existent statute, because NRS 200.366's definition of the offense does not require the use of a deadly weapon, the district court properly sentenced appellant for violating NRS 200.366(2).

Supreme Court
of
Nevada

(O) 1947A