# IN THE SUPREME COURT OF THE STATE OF NEVADA

MELVIN MILES HUDSPATH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68655

FILED

MAY 2 6 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of five counts of sexual assault of a minor under the age of fourteen, two counts of lewdness with a child under the age of fourteen, four counts of use of minor under the age of fourteen in producing pornography, and four counts of possession of visual presentation depicting the sexual conduct of a child. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

*Admission of cellphone evidence not plain error*

Hudspath focuses his appeal on the district court's alleged error in admitting evidence obtained from his cellphone without a warrant. Because Hudspath did not raise the issue below, we review for plain error. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). To succeed, Hudspath must show that (1) an error existed, (2) the error was so obvious that it reveals itself by a casual inspection of the record, and (3) the error seriously affected his substantial rights by causing actual prejudice or a miscarriage of justice. *Id.*; *Patterson v. State*, 111 Nev. 1525, 1530, 907 P.2d 984, 987 (1995).

The district court did not commit plain error in admitting the cellphone evidence. Although it appears that *Riley v. California* would require Deputy Juarez to obtain a warrant before searching his cellphone, *Riley* was not decided until three months after Hudspath's arrest. 573 U.S. ___, 134 S. Ct. 2473 (2014). The search was conducted in California and, pre-*Riley*, the California Supreme Court condoned warrantless cellphone searches incident to arrest. *See People v. Diaz*, 244 P.3d 501 (Cal. 2011). Since Hudspath did not move to suppress the cellphone in district court, we do not have the benefit of testimony on Deputy Juarez's reliance on *Diaz* or other law in proceeding as he did. But, as the State argues, Deputy Juarez appears to have reasonably relied on *Diaz* in examining the cellphone. While the exclusionary rule generally prohibits the admission of evidence obtained in violation of the Fourth Amendment, the Supreme Court has held that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." *Davis v. United States*, 564 U.S. 229, 232 (2011); *see United States v. Gary*, 790 F.3d 704, 708-09 (7th Cir. 2015) (declining to reverse and order suppression of cellphone evidence based on *Riley* where the search pre-dated *Riley* and was authorized by pre-*Riley* caselaw, reliance on which was objectively reasonable).

The additional arguments Hudspath offers for suppression of the cellphone evidence are not supported by relevant authority or are argued for the first time in his reply brief and so are not properly before the court. *See* NRAP 28(c); *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (stating the court will not consider arguments not cogently made and supported by relevant authority). Because plain error does not

appear, we decline to reverse based on the district court's failure to sua sponte exclude the cellphone evidence.[1]

*Prosecutorial misconduct in closing*

In determining prosecutorial misconduct, we assess whether improper conduct occurred, and if it did, whether it warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). To warrant reversal, the prosecutorial misconduct must have substantially affected the jury's verdict. *Id.* at 1189, 196 P.3d at 476. Further, "[t]he level of misconduct necessary to reverse a conviction depends upon how strong and convincing is the evidence of guilt." *Rowland v. State*, 118 Nev. 31, 38, 39 P.3d 114, 118 (2002) (internal quotation omitted).

Hudspath alleges two instances of prosecutorial misconduct: witness vouching and a comment about Valentine's Day that Hudspath argues improperly disparaged the defense. The prosecutor's statements respecting Detective Dicario did not constitute witness vouching because the State neither placed the prestige of the government behind Dicario nor indicated that evidence not presented to the jury supported Dicario's testimony. *Id.* at 39, 39 P.3d at 119; *Lisle v. State*, 113 Nev. 540, 553, 937 P.2d 473, 481 (1997), *clarified on denial of reh'g*, 114 Nev. 221, 954 P.2d 744 (1998). As for the State's Valentine's Day comment, the question is closer. While the comment was provocative, it did not cross the line between legitimate inference and misconduct. And, even treating the comment as misconduct, it was not of a constitutional dimension because

---

[1]Although neither party makes the argument, it appears that the inevitable discovery doctrine would apply. Thus, even if the search was unreasonable, the evidence is not subject to exclusion. *See Camacho v. State*, 119 Nev. 395, 402, 75 P.3d 370, 375 (2003).

it did not remark upon Hudspath's constitutional rights nor so inflame the jury to deprive Hudspath of his due process rights. Given the weight of evidence against him, the State's arguably inappropriate comment was harmless.

*Abuse of discretion in giving jury instruction 19*

Because the district court has broad discretion to settle jury instructions, an abuse of discretion only occurs when "the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001). The district court's decision to provide jury instruction 19 was neither because the separate cellphone files reasonably demonstrated separate acts, which was, on this record, a question of fact for the jury. Thus, there is no abuse of discretion here.

*Admitting evidence of Hudspath's reaction*

Hudspath next argues that the district court erred by admitting testimony regarding his reaction to the police officer discovering his cellphone because the danger of unfair prejudice substantially outweighed the evidence's probative value. *See* NRS 48.035(1). Because Hudspath failed to object at trial, he waived all but plain error review. The evidence demonstrated Hudspath's state of mind when Deputy Juarez confiscated the cellphone, eliminating any question as to whose phone it was and Hudspath's knowledge of its contents. Thus, plain error does not appear.

*Cumulative error*

Finally, Hudspath maintains that the district court's cumulative errors mandate reversal. When determining whether cumulative error occurred, we consider, "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the

crime charged." *Valdez*, 124 Nev. at 1195, 196 P.3d at 481 (internal quotation omitted).

The issue of guilt was not close given the cellphone files, R.H.'s forensic evidence, and witness testimony, including witness testimony as to the contents of the cellphone. To the second factor, we have reviewed all of Hudspath's claims of error on appeal and find none that, singly or in the aggregate, qualify as plain or merit reversal. Finally, the gravity of the crime—sexually assaulting a child multiple times—was great.

For these reasons, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Elissa F. Cadish, District Judge
Aisen Gill & Associates LLP
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk