Opinion
CIANO, J.
The complaint in the above captioned case charged the appellants Martinez and Saucedo with violation of Health and Safety Code section 11530, possession of a narcotic, to-wit: marijuana; and appellants Aguirre and Campbell with violation, of Health and Safety Code section 11556, being in a place where narcotics were being used.
A motion to quash the search warrant and to suppress evidence was filed on behalf of all appellants and subsequently denied by the trial court. This is an appeal from the denial of said motion.
The primary issue for consideration on this appeal, which appears to be a question of first impression, is whether section 1526 of the Penal Code authorizes issuance of a search warrant based on telephone information given to the issuing magistrate, and, if so, is it sufficient for the magistrate to administer an oath after the officer’s statement of facts has already been given, and then have the officer affirm the truth thereof?
There are two further issues to be considered by this court: (1) Was there sufficient probable cause related-in the statement to the issuing magistrate to warrant issuance of the search warrant, and (2) was the information contained in the statement in support of the search warrant gained as a result of an illegal search and seizure?
While the appellants in their briefs attempt to raise an issue as to the failure to comply with certain administrative procedures dictated by Penal Code section 1526 relative to the filing of the transcript of the recorded affidavit, this issue is not properly before this court and will therefore not be considered.
In summary, the facts indicate that two citizen informants, not paid by any law enforcement agency, reported to the police certain activities in and around an apartment complex. These activities included many persons coming and going from the apartment at all hours of the day and night. The informants indicated that the visitors used a particular “code” knock, and sometimes when seen going in they appeared to be completely sober, but would leave in a short time in an apparent intoxicated condition.
On April 13, 1971, based on information received from the citizen informants, the police sent two officers to observe the apartment. The officers *Supp. 10 did observe several individuals enter and leave the apartment, two of them leaving the area in an automobile with three other individuals. Shortly after that particular automobile drove away, and without any intervening stops, officers noticed that the car did not have operating brake lights.
Upon stopping the automobile for the brake light violation, two of the occupants bolted and ran from tire car, one of whom was subsequently apprehended. Upon apprehending the escaping occupant, he spontaneously said, “They’re in my pocket.” and voluntarily handed a baggie containing from 800 to 850 double-scored white tablets to the officer, together with a baggie containing 22 grams of what appeared to be marijuana, and 29 rolls of 10 each double-scored white tablets.
Upon a search of the vehicle and the other occupants, a considerable quantity of suspected marijuana and amphetamines were found by the officers.
Thereafter, Officer Mee telephoned Judge Krumm at his home at 9:46 p.m. and related the officer’s observations at the apartment, the information they had previously been given by the citizen informants, and the details of what had occurred after the vehicle stop. After describing the individuals suspected of being involved, and relating to the judge that one of the suspects in the apartment had an ADW record, the officer requested permission to sign the judge’s name to a search warrant. The judge thereupon said “Now, the statement you just made, is . . . you are swearing that this is the truth, nothing but the truth, so help you God?” Officer Mee replied, “Yes, Sir, I am.” Judge Krumm thereupon authorized Officer Mee to sign his name to a search warrant for the premises. Officer Mee inquired as to whether the warrant was authorized for night service, based on the statements he had made to the judge, and the judge stated, “Any time of the Day and Night service.”
Penal Code section 1526, subdivision (b) provides: “(b) In lieu of the written affidavit required in subdivision (a), the magistrate may take an oral statement under oath which shall be recorded and transcribed. The transcribed statement shall be deemed to be an. affidavit for the purposes of this chapter. In such cases, the recording of the sworn oral statement and the transcribed statement shall be certified by the magistrate receiving it and shall be filed with the clerk of the court.” (Amend. Stats. 1970, ch. 809, § 1.)
Nowhere in the language of the section does it appear that the Legislature intended to provide only for oral statements taken in the physical presence of the magistrate. Oral communications may be had by means of telephones, two-way radios or face-to-face communication. The section *Supp. 11 in question was enacted by the Legislature in 1970, and has not heretofore been interpreted in any written opinion.
This court finds that had the Legislature intended to limit Penal Code section 1526, subdivision (b) to statements made in the physical presence of the magistrate, it would have clearly so confined it by language specifically limiting the magistrate to face-to-face oral affidavits.
With regard to whether or not the oath given by the judge after the statement had been made by the officer, together with the inquiry by the judge as to the truth of the statement he had made, this court finds that such an oath is sufficient to meet the requirements of Penal Code section 1526, subdivison (b).
The conversation between the judge and the officer lasted a mere 12 minutes. It was not so lengthy that the officer might not have remembered the statements which he was swearing were true. While the better course might have been for the oath to have been administered prior to the statement being made, failure to do so was not so prejudicial to the rights of the appellants as to be reversible error.
Therefore, it is the opinion of this court that the language of Penal Code section 1526, subdivision (b) is sufficiently broad to allow a telephone statement, providing it is recorded, which this was, as the basis for the issuance of a search warrant; and administering the oath following the statement, together with the judge’s inquiry as to the truth of the statement just made is not prejudicial error.
Turning now to the question of whether there was sufficient probable cause related in the statement to warrant issuance of the search warrant, Dunn v. Municipal Court, 220 Cal.App.2d 858 at page 875 [34 Cal.Rptr. 251] held: “[I]n determining [whether] probable cause for the issuance of a search warrant, [exists] the question is not whether the offense charged was in fact committed, but whether the affiant had reasonable grounds to believe that the law was being violated on the premises to be searched.”
Based on the information conveyed to them by the citizen informants, together with the activities personally observed by the officers and the quantity of contraband found in the possession of the occupants of the vehicle which had just left the premises, this court finds that the officer had reasonable grounds to believe that the law was being violated at the apartment in question, and to seek the search warrant.
As to whether the information contained in the statement in support of the search warrant was gained as a result of an illegal search and seizure *Supp. 12 and therefore should not have been considered as a basis for the warrant, this court finds that the escaping occupant of the vehicle in fact voluntarily admitted possession of the contraband on his person, and voluntarily surrendered the same to the officers. This alone gave the officers probable cause to search the vehicle. In addition, however, there is no- indication in the record that an interrogation was taking place which would have required the giving of the Miranda rights. The reporter’s transcript on appeal indicates clearly that no request was made by the officer, but that the occupant of the vehicle voluntarily surrendered the contraband.
The order denying the motion to quash the search warrant and to suppress evidence is affirmed.
Fogg, P. J., and Cunningham, J., concurred.