ALFONSON INFANTE SANCHEZ, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 17332

March 31, 1987 734 P.2d 726

*Carl F. Martillaro* and *Paul Sherman,* Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Mills Lane,* District Attorney, and *Timothy G. Randolph,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

In January 1986, Sanchez was convicted of trafficking in a controlled substance, possession of a controlled substance for purpose of sale, unlawful sale of a controlled substance and possession of a short-barrelled shotgun. Our review of the record convinces us that Sanchez received a fair trial, free of prejudicial error; we therefore affirm.

On July 31, 1985, a police informant purchased slightly less than a quarter gram of heroin from Sanchez. Subsequently, another informant purchased heroin from an individual living with Sanchez. She had arranged to meet Sanchez in the laundry room at his apartment complex to purchase the heroin. The informant was met by a juvenile who completed the sale and was then followed from the laundry room directly to Sanchez' apartment.

As other officers continued to watch Sanchez' residence, a detective with the Reno Police Department, while on the telephone with a deputy district attorney, applied for a warrant to search the suspect's Virginia Street apartment. An oral statement was telephonically given under oath to a justice of the peace at

6:46 p.m. on August 23, 1985. The statement was electronically recorded by the deputy district attorney in her office. The initial address to be searched was erroneously stated as 3275 Virginia Street, apartment No. 76, Reno, Nevada. After the officers discovered their mistake—the address was actually 3125 South Virginia Street—the justice of the peace was recontacted, at 7:36 p.m., and a supplemental oral statement was completed over the telephone, correcting Sanchez' address. Sometime during the amendment procedure, the time on the original search warrant was inadvertently left at 6:46 p.m., as opposed to 7:36 p.m., the time of the supplemental oral statement.

The police searched Sanchez' apartment pursuant to the corrected search warrant; the warrant also contained a nighttime search authorization. Upon entering the apartment, the police found unpackaged heroin in excess of 20 grams, other quantities of packaged heroin, packaging materials and a sawed-off shotgun. The officers also found the money used by the informant in the wallet of one of the apartment's occupants. ·

Sanchez was interviewed after his arrest, with the assistance of a Spanish-speaking police officer. He received and waived his *Miranda* rights. A police officer then explained the provisions of NRS 453.3405 in Spanish to Sanchez, who admitted that he sold heroin, that he was selling heroin for another person, and that he knew such sales were illegal.

The trial court, after a hearing on the issue, determined that Sanchez' *Miranda* rights were knowingly and intelligently waived, and that his statements were voluntary and admissible.

Sanchez first asserts that a search warrant procured over the telephone is not valid. The search warrant statute, NRS 179.045, specifies the requirements for a search warrant.[1] The specific requirement that the oral statement be recorded in the presence of the magistrate is read broadly by this court. The telephone and

---

[1]NRS 179.045 states in pertinent part:

1. A search warrant may issue only on affidavit or affidavits sworn to before the magistrate and establishing the grounds for issuing the warrant or as provided in subsection 2. If the magistrate is satisfied that grounds for the application exist or that there is probable cause to believe that they exist, he shall issue a warrant identifying the property and naming or describing the person or place to be searched.

2. In lieu of the affidavit required by subsection 1, the magistrate may take an oral statement given under oath, which must be recorded in the presence of the magistrate or in his immediate vicinity by a certified shorthand reporter or by electronic means, transcribed, certified by the reporter if he recorded it, and certified by the magistrate. The statement must be filed with the clerk of the court.

the ability to arrange conference calls greatly expands the presence of a magistrate. When, as here, the magistrate is convinced that the requesting authority is a police officer and knows that the deputy district attorney is recording the statement, the magistrate's presence is extended electronically by telephone. Such a recording, albeit outside the *physical* presence of the magistrate, is nevertheless "in the presence of the magistrate" for purposes of NRS 179.045(2).[2] We conclude that there was no violation of the statute in the instance case.

Sanchez also claims that the warrant was facially defective because it recited an incorrect time of issuance.

In Lucas v. State, 96 Nev. 428, 432, 610 P.2d 727, 730 (1980), this court stated that a search warrant is not invalid simply because it specifies the wrong address. The time of issuance, although incorrect, was no more significant than the defect in *Lucas*. Therefore, this assignment of error is without merit.

Sanchez next claims that since an on-going investigation occurred from the time of the initial sale, twenty-three days earlier, good cause was not shown for the warrant to be served after 7:00 p.m. This reasoning lacks merit. The telephonic statement included expressions of concern that the narcotics located in Sanchez' apartment could dissipate and the informant's purchase money be spent if the warrant was not executed that night. A police officer also testified, based on his experience as a narcotics officer, that controlled substances, especially heroin, are sold at all hours of the day or night. Absent an abuse of discretion, a magistrate's finding of a reasonable necessity for night-time service should not be disturbed. People v. Lopez, 218 Cal.Rptr. 799 (Ct.App. 1985); People v. Cletcher, 183 Cal.Rptr. 480 (Ct.App. 1982). There is no indication that the magistrate abused his discretion based upon the information provided him by the Reno City Police Department.

Sanchez contends that he was coerced into making an incriminating statement by the Reno City Police Department, through the reading of NRS 453.3405(2), which states:

> The judge, upon an appropriate motion, may reduce or suspend the sentence of any person convicted of violating

---

[2]We encourage magistrates to record oral statements with recording machines which are in their actual physical presence. This is the safest and most appropriate method. However, as stated above, we hold that a recording made in the same manner as outlined in this case is not violative of the statute.

any of the provisions of NRS 453.3385, 453.339 or 453.3395 if he finds that the convicted person rendered substantial assistance in the identification, arrest or conviction of any of his accomplices, accessories, coconspirators or principals or of any other person involved in trafficking in a controlled substance in violation of NRS 453.3385, 453.339 or 453.3395. The arresting agency must be given an opportunity to be heard before the motion is granted. Upon good cause shown, the motion may be heard in camera.

The record, however, indicates that a police officer read Sanchez his rights in Spanish and made certain he understood them. The officer then read the statute to Sanchez and emphasized that only the judge could reduce his sentence if he cooperated. The police specifically stated that they could not grant Sanchez leniency.

The State must prove the voluntariness of a confession by a preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 489 (1972); Scott v. State, 92 Nev. 552, 554, 554 P.2d 735, 736-37 (1976). The lower court found that the State had met that burden, and we agree. There was no promise of a lighter sentence by police officers, but simply an explanation that this possibility existed if the judge, not the officers, made the appropriate determination of substantial assistance.

Sanchez' assignments of error are without merit. Accordingly, we affirm the decision of the lower court.