RUBEN BARRIOS-LOMELI, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 27484

July 28, 1998                          961 P.2d 750

*Steven G. McGuire,* State Public Defender, *James P. Logan,*
Chief Appellate Deputy Public Defender, and *Timothy P. O'Toole,*
Appellate Deputy Public Defender, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Noel S.
Waters,* District Attorney, and *John C. Eck,* Deputy District
Attorney, Carson City, for Respondent.

## OPINION

By the Court, Young, J.:

In Barrios-Lomeli v. State, 113 Nev. 952, 944 P.2d 791 (1997),
this court reversed a conviction because the police violated appel-
lant Ruben Barrios-Lomeli's rights by searching his parked, unoc-

780

cupied vehicle without a warrant. The state filed a petition for rehearing. NRAP 40(c). We deny rehearing. *See* State v. Harnisch, 114 Nev. 225, 954 P.2d 1180 (1998).

However, we take this opportunity to address the state's contention that the one-hour limit in NRS 171.123(4)[1] is an inadequate amount of time to obtain a search warrant. After careful consideration, we reject the state's contention and refuse to extend the time limit prescribed in the statute.

NRS 171.123(4) allows an officer to detain an individual for a reasonable time, but expressly states that "in no event" shall the law enforcement officer's detention be longer than sixty minutes. This is a clear expression of the legislature's intent to keep the definition of a reasonable detention within a sixty-minute time frame. According to NRS 171.123(4), a detention longer than sixty minutes is unreasonable *per se.* Thus, rigid adherence to the one-hour limit was the clear intent of the legislature.

"We are not empowered to go beyond the face of a statute to lend it a construction contrary to its clear meaning." Union Plaza Hotel v. Jackson, 101 Nev. 733, 736, 709 P.2d 1020, 1022 (1985). Moreover, "if a statute clearly and unambiguously specifies the legislature's intended result, such result will prevail even if the statute is impractical or inequitable." Randono v. CUNA Mutual Ins. Group, 106 Nev. 371, 374, 793 P.2d 1324, 1326 (1990). Therefore, if the sixty-minute time frame is inadequate, that question should be brought before the legislature, not this court.

Further, the state appears to misapprehend NRS 179.045, the provision allowing telephonic search warrants, and exaggerate the logistics of complying with its requirements. In 1995, the relevant time period, NRS 179.045 provided in material part:

> 2. In lieu of the affidavit required by subsection 1, *the magistrate may take an oral statement given under oath,* which must be recorded in the presence of the magistrate or in his immediate vicinity by a certified court reporter or by electronic means, transcribed, certified by the reporter if he recorded it, and certified by the magistrate. The statement must be filed with the clerk of the court.
> 3. After a magistrate has issued a search warrant,

[1]NRS 171.123(4) provides: "A person must not be detained longer than is reasonably necessary to effect the purposes of this section, and *in no event longer than 60 minutes.* The detention must not extend beyond the place or the immediate vicinity of the place where the detention was first effected, unless the person is arrested." (Emphasis added.)

whether it is based on an affidavit or an oral statement given under oath, *he may orally authorize a peace officer to sign the magistrate's name on a duplicate original warrant. A duplicate original search warrant shall be deemed to be a search warrant.* It must be returned to the magistrate who authorized the signing of his name on it. The magistrate shall endorse his name and enter the date on the warrant when it is returned to him. Any failure of the magistrate to make such an endorsement and entry does not in itself invalidate the warrant.

(Emphasis added.) In light of today's technological advancements, there is absolutely no reason to move backward so as to effectively ignore the efficiency with which these warrants may be procured.

Obtaining a search warrant outside the physical presence of the magistrate has long been permitted. In 1987, we considered the validity of a telephonically obtained search warrant. Sanchez v. State, 103 Nev. 166, 734 P.2d 726 (1987). In *Sanchez,* the defendant argued that the warrant was invalid because the affidavit was not taken in the presence of the magistrate as required under NRS 179.045. *Id.* at 168, 734 P.2d at 727. We held:

The specific requirement that the oral statement be recorded in the presence of the magistrate is read broadly by this court. The telephone and the ability to arrange conference calls greatly expands the presence of a magistrate. When . . . the magistrate is convinced that the requesting authority is a police officer and knows that the deputy district attorney is recording the statement, the magistrate's presence is extended electronically by telephone. Such a recording, albeit outside the *physical* presence of the magistrate, is nevertheless "in the presence of the magistrate" for purposes of NRS 179.045(2).

*Id.* at 168-69, 734 P.2d at 728 (footnote omitted). Nevada statutes have authorized such telephonic search warrants since 1981.[2] 1981 Nev. Stat., ch. 685, § 1, at 1652.

Since *Sanchez,* telecommunication devices have continued to become more advanced and portable. Facsimile machines, cellular phones, and portable computers have become commonplace. These technological advancements have significantly reduced the state's procedural burden to expeditiously procure a search warrant. With this burden reduced, the protection afforded to personal

---

[2]Nevada is not alone in this respect. California has allowed for telephonic search warrants to be issued since 1973. Cal. Penal Code § 1526(b)(2); People v. Aguire, 103 Cal. Rptr. 153, 155 (Ct. App. 1973).

liberties should be increased accordingly. Now is not the time to dilute the protection provided by the state and federal constitutions. This is particularly true when a well-known prosecutor in northern Nevada can be quoted as saying that courts have transformed the Constitution into a "meaningless . . . old rag," and "if you want to get around the Fourth Amendment search and seizure clause, a good prosecutor and good police can do it and they know it." Mike Henderson, *Criticism of Constitution Draws Fire, Reno Gazette-Journal,* Sep. 22, 1997, at 1B.

Indeed, when speaking of intrusion into the life of our citizens by recognizing more power in the State with respect to search and seizure, we are reminded of the eloquent statement of William Pitt, Earl of Chatham, spoken several years before the founding of our nation:

> The poorest man may in his cottage bid defiance to all the forces of the Crown. It may be frail; its roof may shake; the wind may blow through it; the storm may enter; the rain may enter; but the King of England cannot enter—all his force dares not cross the threshold of the ruined tenement!

(quoted in Miller v. United States, 357 U.S. 301, 307 (1958)).

Further, we commend to those who may be tempted to criticize judicial vigilance over constitutional protections against unreasonable searches and seizures

> that we are in danger of forgetting that the Bill of Rights reflects experience with police excesses. It is not only under Nazi rule that police excesses are inimical to freedom. It is easy to make light of insistence on scrupulous regard for the safeguards of civil liberties when invoked on behalf of the unworthy. It is too easy. History bears testimony that by such disregard are the rights of liberty extinguished, heedlessly at first, then stealthily, and brazenly in the end.

Davis v. United States, 328 U.S. 582, 597 (1946) (Frankfurter, J., dissenting).

In conclusion, we deny rehearing and decline the state's invitation to extend the sixty-minute time limit in NRS 171.123(4).

SPRINGER, C. J., and SHEARING, J., concur.

ROSE, J., concurring:

On rehearing, the State asks us to reconsider our decision and *inter alia,* to provide flexibility to the one hour time limit set forth in NRS 171.123(4). If law enforcement showed that a search warrant could not be obtained in one hour with a good faith effort, I would be inclined to give some relief from the rather stringent one

hour requirement. However, that is not the case presented, and therefore, I join in denying the petition for rehearing.

MAUPIN, J., dissenting:

Despite the elegance with which the majority expresses its point, I believe the potential for logistical difficulties in obtaining search warrants, even in this "electronic age," merits nonrigidity in the application of the one hour time limit. For example, whether in a remote area of our state, or within the congested confines of the Las Vegas valley, a police officer in a squad car will inevitably be at a loss to comply with the rule in some instances, with or without a mobile or land-based telephone. Also, I still believe that the court wrongfully decided the underlying issue, to wit: whether the contraband seized from appellant's car should have been suppressed on Fourth Amendment grounds. *See* California v. Carney, 471 U.S. 386 (1985). Thus, I would fully rehear the matter.