An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH AARON WILKINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61920

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Kenneth Wilkins' post-conviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Wilkins contends that the district court erred by denying his claims that counsel was ineffective for failing to (1) pursue a direct appeal, (2) move to suppress his confession on the ground that it was obtained subsequent to an unconstitutional nighttime arrest, and (3) challenge the restitution award on the grounds that the amount awarded created a double recovery and was not supported by sufficient evidence. To prove ineffective assistance of counsel in the context of a guilty plea, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness and resulting prejudice in that there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Kirksey v. State*, 112 Nev. 980, 987-88, 923 P.2d 1102, 1107 (1996). We give deference to the district court's factual findings but review the district court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21428

The district court conducted an evidentiary hearing at which Wilkins' counsel testified that Wilkins did not ask him to file an appeal. The district court denied Wilkins' appeal-deprivation claim after finding that counsel's testimony was credible. *See Hathaway v. State*, 119 Nev. 248, 254, 71 P.3d 503, 507 (2003) (counsel is ineffective if he fails to file a direct appeal only if "a defendant has requested or expressed a desire for a direct appeal"). And the district court denied Wilkins' remaining claims, concluding that no constitutional law prohibits an arrest warrant authorizing a nighttime arrest and therefore Wilkins failed to support his assertion that counsel would have been successful had he challenged the constitutionality of the arrest warrant, *see generally Welsh v. Wisconsin*, 466 U.S. 740, 754 (1984) (suggesting approval of nighttime arrests pursuant to a warrant); *Sanchez v. State*, 103 Nev. 166, 169, 734 P.2d 726, 728 (1987); *see also* NRS 171.136(2)(a) (authorizing a nighttime arrest for a misdemeanor offense "[u]pon the direction of a magistrate, endorsed upon the warrant"), the award of restitution did not create a double recovery, *see Martinez v. State*, 115 Nev. 9, 12, 974 P.2d 133, 135 (1999), and Wilkins did not prove any other defects with the restitution amount. We conclude that the district court did not err by denying these claims.

Having considered Wilkins' contentions and concluded that no relief is warranted, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Connie J. Steinheimer, District Judge
Janet S. Bessemer
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk