APPEL, Justice
(dissenting).
I join Justice Hecht’s, dissent, but write separately to emphasize several points. As I noted in Gaskins, a federal court in Iowa has stated it takes as little as twenty minutes to obtain a telephonic search warrant. State v. Gaskins, 866 N.W.2d 1, 19 (Iowa 2015) (Appel, J., concurring specially); see United States v. Baker, 520 F.Supp. 1080, *176 1084 (S.D. Iowa 1981). And that was almost forty years ago. Decades-old caselaw in other jurisdictions indicate police are able to obtain warrants in as little as twelve and fifteen minutes. See, e.g., State v. Flannigan, 194 Ariz. 150, 978 P.2d 127, 131 (Ariz. Ct. App. 1998) (stating a warrant can be obtained in fifteen minutes); People v. Aguirre, 26 Cal.App.3d Supp. 7, 103 Cal.Rptr. 153, 155 (1972) (involving a warrant obtained to search a home in twelve minutes). Why is it that law enforcement is able to obtain warrants in twenty minutes, fifteen minutes, and twelve minutes in these cases decades ago, but it now takes much longer to obtain a warrant in Dallas County?
I also find the majority’s discussion of “bright line” rules unhelpful. I have critiqued resort to the claimed need for bright-line rules as a mere slogan for results-oriented jurisprudence, and it need not be repeated here. See Gaskins, 866 N.W.2d at 19.
In any event, the requirement that law enforcement obtain a warrant before engaging in a search is a very bright-line rule. In fact, the constitutionally enshrined warrant requirement shines too bright for the majority, which modifies it by continuing a broad and outdated exception to the warrant requirement. No one should think this case involves a preference for bright-line rules—it involves a choice between competing bright-line approaches.
Further, the preference for bright-line rules seems to apply only when it favors the state. For example, the exigent-circumstance and community-caretaking exceptions to the warrant requirement are fact-based exceptions not based on bright-line rules. One wonders whether the majority will abandon them in favor of a “bright line.” In particular, it will be interesting to see if the repeatedly stated preference for bright-line rules means the notoriously spongy and inconsistently applied multifaetor test of consent in Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), will fall to the wayside under article I, section 8 of the Iowa Constitution in favor of a bright-line rule that law enforcement must specifically inform a citizen of his right to decline to a search and obtain truly knowing and voluntary consent. See State v. Lowe, 812 N.W.2d 554, 590-94 (2012) (Appel, J., concurring in part and dissenting in part) (noting question of whether Schneckloth should be abandoned was not raised and questioning -wisdom of continued reliance on Schneckloth); State v. Pals, 805 N.W.2d 767, 782 (Iowa 2011) (reserving the question of whether Schneckloth should be abandoned under article I, section 8). Or is the preference for bright lines an unbalanced and preferential doctrine generally available to the state, but not to a person asserting constitutional protections?
In addition, our caselaw indicates that exceptions to the warrant requirement be “jealously and carefully drawn.” State v. Ochoa, 792 N.W.2d 260, 284 (Iowa 2010) (quoting Jones v. United States, 357 U.S. 493, 499, 78 S.Ct. 1253, 1257, 2 L.Ed.2d 1514 (1958)); State v. Strong, 493 N.W.2d 834, 836 (Iowa 1992); State v. Sanders, 312 N.W.2d 534, 538 (Iowa 1981), overruled by Gaskins, 866 N.W.2d at 16. Interested readers may make their own judgment, but nothing in the majority opinion persuades me that it seeks to ensure that exceptions to the warrant requirement are jealously and carefully drawn. Indeed, the majority opinion turns the jealously-and-carefully-drawn formula established in existing Iowa caselaw on its head and embraces an opposite approach, namely that exceptions to the warrant requirement are to be broadly and generously construed.
In any event, the controlling opinion of the chief justice undercuts a bright-line *177 rule to some extent. According to Chief Justice Cady, the defendant failed to meet its burden to introduce sufficient facts to defeat the automobile exception. Although not so stated, the opinion in effect employs a presumption of exigent circumstances in favor of law enforcement when law enforcement seeks to search an automobile and shifts the burden to the defendant to prove otherwise. Under the opinion of the chief justice, once law enforcement raises the automobile exception the burden shifts to the defendant to establish what was found by the Iowa federal district court in Baker in 1981, namely, that law enforcement authorities are capable of obtaining a search warrant in short order. See 520 F.Supp. at 1084.
I do not agree that the burden of proof on what the state is capable of doing should rest with the defendant. Aside from constitutional considerations, the burden of proof ordinarily rests on the party in the best position to produce the evidence. But in any case, the chief justice’s approach allows a defendant to make a fact-based showing that the presumption of exigency under the automobile exception cannot be invoked to- support a search.
If narrowly construed, this fact-based approach could run the risk of results that vary from county to county and could provide a distinct disincentive for law enforcement to adopt current feasible technology. I am sure, however, the chief justice does not intend to embrace a rule with such perverse incentives. Indeed, I read the chief justice’s opinion as promoting adoption of feasible technology with all deliberate speed. In order to avoid perverse incentives under the framework established by the chief justice, a defendant must be able to meet his or her newly established burden to overcome the presumption of exigency in the case of an automobile search by showing the availability of feasible technology to obtain a warrant with dispatch. The opinion of the chief justice does not indicate what kind of evidence the defendant must produce, but apparently the defendant must make a better and more detailed record than was developed in this case.
Wiggins, J., joins this dissent.