# IN THE SUPREME COURT OF THE STATE OF NEVADA

BINH MINH CHUNG, A/K/A BEN
MINH CHUNG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 73657

**FILED**

JUN 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping, use of a minor in producing pornography, four counts of sexual assault, three counts of administration of a drug to aid commission of a felony, battery with intent to commit sexual assault, and attempted sexual assault. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant Binh Chung was found guilty of sexually assaulting H.K and A.K. and administering drugs to aid in the sexual assault of them. He was also found guilty of administering drugs to aid in the commission of a felony against one of his patients. Chung was a doctor practicing medicine in Las Vegas. His wife found videos of him engaging in sexual activities with H.K., a family friend and patient of Chung. The videos depicted H.K. in an unconscious and immobile state. Chung testified that H.K. was acting and the sex was consensual. H.K. testified that she did not remember anything after Chung administered a shot for her medical condition and that she never consented to sex with Chung. Chung also gave shots to other

SUPREME COURT
OF
NEVADA

(O) 1947A

19-27429

patients causing them to pass out after which he touched them in a sexually inappropriate way.

On appeal, Chung argues: (1) the court admitted evidence that was prejudicial; (2) the State committed prosecutorial misconduct; (3) evidence was obtained under an invalid warrant; (4) the counts relating to his patients should have been severed from the counts relating to H.K.; (5) an independent psychological evaluation should have been ordered for H.K.; (6) the State vouched for a witness in the closing argument; (7) there was not sufficient evidence to sustain Count 4 and Count 6 of the indictment; (8) the kidnapping charge should have been dismissed as incidental; (9) an improper jury instruction was given; (10) the State referenced sealed information during sentencing; and (11) cumulative error warrants a new trial.

First, Chung argues video tapes of patients were improperly admitted because they show him as a person of bad character and that he acted in conformity with that trait. He also argues that the mention that he had thousands of photos on his computer was prejudicial. The district court held a hearing, outside the presence of the jury, and determined that five of the thirty-seven video tapes were admissible to show Chung's opportunity, intent and plan pursuant to NRS 48.045(2). This court requires the trial court to determine that: "(1) the incident is relevant to the crime charged; (2) the act is proven by clear and convincing evidence, and (3) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice." *Tinch v. State*, 113 Nev. 1170, 1176, 946 P.2d 1061, 1064-65 (1997). The district court properly applied this test and was within its discretion to admit the video tapes, and the brief mention of

photos was harmless error because the district court gave an immediate warning to the jury to disregard it.

Second, Chung argues that the prosecution engaged in misconduct when it referenced information outside the record in its rebuttal closing. In reviewing claims of prosecutorial misconduct, the court determines whether the prosecutor's conduct was improper and, if so, whether the improper conduct warrants reversal. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Based on our review of the closing argument, the corresponding trial testimony of Chung where the "sleepassault.com" and "rapesection.com" websites were first mentioned, and the lack of objection at trial, we discern no misconduct that would require reversal during the State's closing. *Id.* at 1190, 196 P.3d at 477 (explaining that if an error has not been reserved by a contemporaneous objection, the reviewing court will use plain error review); *Mahan v. State*, 104 Nev. 13, 16, 752 P.2d 208, 210 (1988) (explaining improper remarks by the prosecution do not require reversal if the evidence is substantial and no prejudice was caused). While the State may have improperly referred to the websites in its closing argument, the misconduct did not create prejudice because the jury had already heard about those websites, and the convictions are strongly supported by the video tapes of the crimes. *Mahan*, 104 Nev. at 16, 752 P.2d at 210. Thus, the reference in closing argument to the websites does not warrant reversal. *Id.*

Third, Chung argues that the warrant used to search his office on June 5, 2015 was invalid because the typed date and time on the physical copy of the warrant was June 6, 2015 at 16:36. There is no dispute that the transcript of the telephonic warrant issued pursuant to NRS 179.045(3) has a date and time prior to the search of the office. A search warrant is not

SUPREME COURT
OF
NEVADA

(0) 1947A

3

defective simply because the original search warrant contains an error in reciting the time of issuance. *Sanchez v. State,* 103 Nev. 166, 168-69, 734 P.2d 726, 727-28 (1987) (finding a valid warrant when the time on the original warrant was listed as 6:46 p.m. as opposed to 7:36p.m., the time of the supplemental oral statement); *Lucas v. State,* 96 Nev. 428, 432, 610 P.2d 727, 730 (1980) (holding that a search warrant will still be valid if it specifies an incorrect address). Here, we conclude that the warrant issued pursuant to NRS 179.045(3) was valid at the time of the search and the evidence seized was properly admitted. *State v. Beckman,* 129 Nev. 481, 485-86, 305 P.3d 912, 916 (2013) (providing that suppression of evidence is a mixed question of law and fact, and this court reviews finding of fact for clear error and the related legal consequences of those findings de novo).

Fourth, Chung argues that the charges related to his medical patients should have been separate from the charges relating to H.K. and A.K. This court employs a test as to whether joinder of charges is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *Tabish v. State,* 119 Nev. 293, 304, 72 P.3d 584, 591 (2003) (internal quotation marks omitted). Also, this court has held that "charges with mutually cross-admissible evidence are properly joined." *Zana v. State,* 125 Nev. 541, 549, 216 P.3d 244, 249 (2009). The district court did not abuse its discretion because the evidence from one of the separate proceedings for these charges would have been admissible under NRS 45.045(3) in the other proceeding and were part of a common scheme or plan.

Fifth, Chung argues that an independent psychological evaluation of H.K. should have been ordered. NRS 50.700(1) states, "a court may not order the victim of or a witness to the sexual offense to take or

SUPREME COURT
OF
NEVADA

(O) 1947A

submit to a psychological or psychiatric examination." H.K. was the victim of a sexual assault, and, therefore, the court did not abuse its discretion.

Sixth, Chung argues that the State vouched for H.K. in its closing argument when it stated "but she did because that's the truth and that's what she was sworn to do." The statement refers to H.K. testifying that she was molested by her father even though she previously told her psychiatrist that she had not been molested. In reviewing claims of prosecutorial misconduct, the court determines whether the prosecutor's conduct was improper and, if so, whether the improper conduct warrants reversal. *Valdez*, 124 Nev. at 1188, 196 P.3d at 476. The State's statement does not place the prestige of the government behind the witness, it merely reiterates that witnesses are sworn to tell the truth on the stand. Based on our review of the statement and lack of objection at trial, we discern no misconduct in the State's remarks about her testimony during closing argument. *Id.* at 1190, 196 P.3d at 477 (explaining that if an error has not been reserved by a contemporaneous objection, the reviewing court will apply plain error review).

Seventh, Chung argues that there was not sufficient evidence for Count 4 and Count 6 of the indictment because it listed the subjects as "H.K. and/or A.K." and "Jane Doe," respectively. Because identity is not an element of sexual assault, the crime charged in Counts 4 and 6, Chung's claim must fail. NRS 200.366(1). Chung also argues "there was insufficient evidence presented as to these two counts" without providing further detail. This court will not assess the weight of the evidence. *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) ("[I]t is the jury's function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses."). The evidence presented by the State, if

believed by the jury, is sufficient for a rational trier of fact to have found the elements of the sexual assault beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair*, 108 Nev. at 56, 825 P.2d at 573 (observing that the court will not disturb a verdict supported by substantial evidence).

Eighth, Chung argues that the kidnapping charge was incidental to the other charged offenses involving A.K. and should have been dismissed. To sustain convictions for kidnapping and an underlying offense arising out of the same conduct, the movement or restraint of the kidnapping must stand alone with independent significance from the underlying offense. *Mendoza v. State*, 122 Nev. 267, 275, 130 P.3d 176, 181 (2006). The determination of whether movement of the victim is incidental to the underlying charge is to be determined by the trier of fact. *Pascua v. State*, 122 Nev. 1001, 1005, 145 P.3d 1031, 1033 (2006). The district court should deny a motion to dismiss the kidnapping charge in all but the clearest cases. *Id.* at 1005, n.6, 145 P.3d at 1033 n.6 (citing *Sheriff v. Medberry*, 96 Nev. 202, 204, 606 P.2d 181, 182 (1980), which held that "whether the movement of the victims was incidental to the associated offense and whether the movement increased the risk of harm to the victims are questions of fact to be determined by the trier of fact in all but the clearest cases"). The movement of A.K. from her home to the medical office could have been determined by the jury to have had independent significance apart from the underlying sexual assault. As the motion to dismiss may only be granted in the clearest of cases, we conclude the district court correctly denied the motion.

Ninth, Chung objects to the reasonable doubt instruction. The instruction given is identical to the one set forth in NRS 175.211(1). This

SUPREME COURT
OF
NEVADA

(O) 1947A

6

court has repeatedly upheld the statutory reasonable doubt instruction against similar challenges. *See, e.g., Garcia v. State*, 121 Nev. 327, 339-40, 113 P.3d 836, 844 (2005); *Buchanan v. State*, 119 Nev. 201, 221, 69 P.3d 694, 708 (2003); *Noonan v. State*, 115 Nev. 184, 189-90, 980 P.2d 637, 640 (1999). Because Chung offers no new argument that would warrant a departure from that precedent, *see Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) (observing that court will not overrule precedent unless there is a compelling reason to do so), the district court did not err in giving the statutory instruction.

Tenth, Chung argues the State should not have been allowed to reference sealed criminal proceedings in the sentencing hearing. Chung, however, failed to object to the inclusion of sealed information, and therefore, has forfeited appellate review on this issue. *Nunnery v. State*, 127 Nev. 749, 770, 263 P.3d 235, 249 (2011) (emphasizing that, in the context of presenting information at a sentencing hearing, "a defendant must object to any evidence in a PSI that he believes is unduly prejudicial or otherwise inadmissible; otherwise, he forfeits appellate review of that matter"). Thus, Chung is entitled to relief only if he can show plain error, and we conclude he does not. *Jeremias v. State*, 134 Nev., Adv. Op. 8, 412 P.3d 43, 49 (2018) (stating "[A] plain error affects a defendant's substantial rights when it causes actual prejudice or a miscarriage of justice"). The mere reference to the sealed conviction did not affect Chung's substantial rights because the court acknowledged arguments from both sides, as well as reports, letters from Chung's family, patients and employees, victim impact statements, and Chung's apology before sentencing. *Nunnery*, 127 Nev. at 770, 263 P.3d at 249 (holding that "NRS 175.552 establishes broad parameters as to what constitutes admissible evidence at a penalty phase"

and "the decision to admit evidence at a penalty hearing is left to the discretion of the trial judge"). It was not improper to consider the sealed information.

Lastly, because Chung has demonstrated only one error—prosecutorial misconduct during rebuttal closing argument by referencing evidence outside the record—there are not multiple errors to cumulate. *Mulder v. State*, 116 Nev. 1, 17, 992 P.2d 845, 854-55 (2000). Therefore, his claim for cumulative error must fail. We therefore

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Cadish

cc:    Hon. Kathleen E. Delaney, District Judge
       Law Office of Christopher R. Oram
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk