An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES ANDRE HOWLETT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63616

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



### *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of possession of a controlled substance. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant James Andre Howlett contends that the district court erred by denying his motion to suppress the methamphetamine found in his possession because the investigating officer's pat-down search was not supported by reasonable suspicion that he was armed and dangerous. *See Terry v. Ohio*, 392 U.S. 1, 27 (1968). Howlett argues that suspicion of drug use cannot provide the basis for a pat-down search during a *Terry* stop. *See Ramirez v. City of Buena Park*, 560 F.3d 1012, 1022 (9th Cir. 2009). Howlett also claims that his "warrantless arrest was an unreasonable seizure not related to the original stop and not based upon probable cause of another crime." Pursuant to the plea agreement and NRS 174.035(3), Howlett expressly reserved the right to challenge the district court's denial of his motion to suppress.

We review the district court's factual findings regarding suppression issues for clear error and review the legal consequences of those findings de novo. *See Lamb v. State*, 127 Nev. ___, ___, 251 P.3d 700, 703 (2011). Here, the district court conducted a hearing on the

motion and heard testimony from the investigating officer, Deputy John Hitch, and Howlett. Based on Deputy Hitch's testimony, the district court determined that "reasonable cause to frisk" existed. The district court also found that Deputy Hitch had probable cause to arrest Howlett "based upon the traffic violations he observed, . . . [his] failure to identify himself, and [his] obstructing of Deputy Hitch's investigation." *See* NRS 171.123(1); NRS 171.1231. Additionally, Deputy Hitch testified that based on his years of experience and training, Howlett appeared to be under the influence of a central nervous system stimulant. Deputy Hitch stated that he discovered the drugs in Howlett's possession after he placed him in handcuffs and arrested him. As a result, the district court determined "that the methamphetamine found in Howlett's pocket was recovered during a lawful search incident to arrest." *See United States v. Robinson*, 414 U.S. 218, 235 (1973) (holding that a search incident to an arrest based on probable cause is reasonable and "requires no additional justification"); *Carstairs v. State*, 94 Nev. 125, 127-28, 575 P.2d 927, 928 (1978). We agree and conclude that the district court did not err by denying Howlett's motion to suppress. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ Pickering ____, J.
Pickering

_____ ____, J.
Parraguirre

_____ ____, J.
Saitta

 

cc: Hon. James E. Wilson, District Judge
State Public Defender/Carson City
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk