An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM ARTHUR ROBINSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65784

**FILED**

NOV 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of driving under the influence of a controlled substance causing death or substantial bodily harm.[1] Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Appellant William Arthur Robinson contends that the district court erred by denying his motion to suppress blood evidence obtained pursuant to NRS 484C.160(7). Relying on *Missouri v. McNeely*, 569 U.S. ___, 133 S. Ct. 1552 (2013) (plurality opinion), Robinson claims that Nevada's implied consent statutes are unconstitutional. When reviewing a district court's decision regarding a motion to suppress, "[t]his court reviews findings of fact for clear error, but the legal consequences of those facts involve questions of law that we review de novo." *State v. Beckman*, 129 Nev. ___, ___, 305 P.3d 912, 916 (2013).

We have recently held that the warrantless, nonconsensual search provided for in NRS 484C.160(7) is unconstitutional. *Byars v. State*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 85, October 16, 2014).

---

[1]The issues on appeal were preserved pursuant to NRS 174.035(3).

14-37292

However, we concluded that the good-faith exception to the exclusionary remedy applied and exclusion is not mandated when an officer "relied in good faith on the constitutional validity of NRS 484C.160, and such reliance appears reasonable." *Id.* at ___, ___ P.3d at ___, slip op. at 14. In this case, the district court concluded that the troopers did not act in good faith reliance on then-binding legal precedent but denied Robinson's motion to suppress based on implied consent. Pursuant to *Byars*, we conclude that the district court reached the right result, albeit for the wrong reason, in denying Robinson's motion to suppress. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although it is based on an incorrect ground, the judgment or order will be affirmed on appeal.").

Next, Robinson contends that the district court erred by denying his motion to suppress evidence obtained during an inventory search of the vehicle. Robinson claims that the inventory search was merely a ruse as important personal property was not listed. We review the district court's factual findings for clear error and the legal consequences of the factual findings de novo. *Beckman*, 129 Nev. at ___, 305 P.3d at 916. Here, troopers performed an inventory search on a vehicle before it was towed. The troopers included bulk items in the inventory, such as men's clothes and toiletries, but also described with particularity items with a greater value, such as airline tickets, speakers, a cell phone and laptop. Items ejected from the vehicle during the collision were also inventoried. The district court found that the troopers followed department policy when conducting the inventory search and that the troopers administered the search in good faith. The district court's findings are not clearly erroneous, and we conclude the district court did

not err by denying Robinson's motion to suppress. *See Weintraub v. State,* 110 Nev. 287, 288-89, 871 P.2d 339, 340 (1994).

Having considered Robinson's contentions and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. Nancy L. Porter, District Judge
        Elko County Public Defender
        Attorney General/Carson City
        Elko County District Attorney
        Elko County Clerk

_____

[2]The fast track statement submitted in this case fails to comply with NRAP 32(a)(4) because it does not contain page numbers. *See* NRAP 3C(h)(1) (requiring fast track filing to comply with the provisions of NRAP 32(a)(4)-(6)). We caution counsel that future failure to comply with this court's briefing requirements may result in the imposition of sanctions. *See* NRAP 3C(n).

SUPREME COURT
OF
NEVADA

(O) 1947A